1:12-cv-09910

Judge James F. Holderman
Magistrate Judge Young B. Kim

✓ FILED
DEC - 7 2012
12-7-12
THOMAS G BRUTON
CLERK U S DISTRICT COURT

~~THE UNITED STATES DISTRICT COURT~~
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, ex. rel., ALEXIAS "BRANDY" PACE and JAQUELINE REAVIS, | ) ) ) ) | **Filed in Camera Pursuant to 31 U.S.C. §3730(b)(2)** |
| Plaintiffs, | ) ) ) | Case No. 11-1028-JPG-DWG |
| vs. | ) ) | |
| PASSAGES HOSPICE, LLC, | ) ) | **PLAINTIFFS DEMANDS** |
| Defendant. | ) | **TRIAL BY JURY ON ALL COUNTS** |

## COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF UNDER FALSE CLAIMS ACT QUI TAM ACTION FILED UNDER SEAL

THE PLAINTIFF, United States of America, by Relators Alexais "Brandy" Pace and Jacqueline Reavis, by their attorney, Lee W. Barron, complains and alleges as follows:

### I. Parties

1.    Relator, Alexias "Brandy" Pace ("Pace"), is a citizen of the United States of America and a resident and citizen of the County of Madison, State of Illinois. At all relevant times Pace was and is a registered nurse licensed in the State of Illinois. Relator Pace is an "original source" of the allegations made herein as that term is used in the Qui Tam statute.

2.    Relator, Jacqueline Reavis ("Reavis"), is a citizen of the United States of America and a resident and citizen of the County of Madison, State of Illinois. At all relevant times Reavis was and is a registered nurse licensed in the State of Illinois. Relator Reavis is an "original source" of the allegations made herein as that term is used in the Qui Tam statute.

3. Relators Pace and Reavis bring this action on behalf of the United States of America pursuant to 31U.S.C. §3730(b )(1). The United States of America ("United States"), through the Department of Health and Human Services, pays claims submitted to it for hospice services by Passages Hospice, LLC.

4. Passages Hospice, LLC ("Passages") at all time relevant hereto submits claims for payment to the United States through the Medicaid and Medicare programs for hospice services provided or claimed to be provided by Passages.

5. Passages is an Illinois Limited Liability Corporation. [Exhibit A attached hereto.]

6. The principal place of business for defendant Passages is 515 Warrenville Road, Lisle, Illinois 60532.

7. Passages is a Member Managed LLC and the managers of the LLC are Seth Gillman and Michael Gillman. [Exhibit B attached hereto.]

8. Defendant Passages bills the United States for hospice services provided or allegedly provided throughout the state of Illinois, including for services alleged to be provided in the federal judicial district which comprises the Southern District of Illinois.

9. Defendant Passages maintains an office in Swansea, Illinois at 16 Bonze Pointe Blvd., Suite A, Swansea, Illinois 62226. Said Swansea office is in the Federal Judicial District known as the Southern District of Illinois.

10. Passages describes the availability of medicare to pay for hospice care on its website as follows:

> The Medicare Hospice Benefit, initiated in 1983, is covered under
> Medicare Part A (hospital insurance). Medicare beneficiaries who
> choose hospice care receive a full scope of medical and support

> services for their life-limiting illness. Hospice care also supports the family and loved ones of the person through a variety of services.
>
> More than 90% of hospices in the United States are certified by Medicare. Eighty percent of people who use hospice care are over the age of 65, and are thus entitled to the services offered by the Medicare Hospice Benefit. This benefit covers virtually all aspects of hospice care with little out-of-pocket expense to the person or family.

11.     Passages indicates on its web site that it provides services in more than fifty counties in Illinois and provides services at more than ten locations in Madison County, Illinois and more than twenty locations in St. Clair, County, Illinois.[1]

12.     Passages indicates on it web site that, "Passages Hospice provides services wherever the patient is living or receiving care. It may be in a hospital, nursing home, assisted living facility or home for the aged." [2]

## II.     Jurisdiction and Venue

13.     Jurisdiction lies in this Court pursuant to 28 U.S.C. §133 and §1345, and 31 U.S.C. §3732(a).  This claim is brought pursuant to this Court's Federal Question jurisdiction.

14.     Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1391 because Passages is doing business in the Southern District of Illinois, employs employees in the Southern District of Illinois, bills the United States for services rendered and allegedly rendered in the Southern District of Illinois, maintains systematic and continuous contacts in the Southern District of

---

[1]     http://www.passageshospice.com/locations.aspx

[2]     http://www.passageshospice.com/nursing.aspx

3

Illinois, maintains an office in the Southern District of Illinois, employed both of the relators/plaintiffs in the Southern District of Illinois, and defendant is subject to personal jurisdiction in the Southern District of Illinois.

15. Relators, prior to the filing of this Complaint, provided a draft of this complaint to the U.S. Attorneys' Office for the Southern District of Illinois and provided information to and communicated with the Department of Justice through the U.S. Attorneys' office for the Southern District of Illinois. Prior to filing this action, Relators provided information and notified the Department of Justice through the U.S. Attorneys' Office for the Southern District of Illinois that Relators were filing this action.

### III. Statement of the Action

16. This action is brought by Relators on behalf of the United States to recover all damages, penalties, fees, and other remedies established by and pursuant to 31 U.S.C. §§3729-3733, and on behalf of Pace and Reavis to claim entitlement to a portion of any recovery obtained by the United States as a qui tam plaintiff authorized by 31 U.S.C. §3730.

17. Relators bring this action to impose liability upon Passages for violations of 31U.S.C. §3729 and non-compliance with various federal regulations by submission to the United States of certain claims for monetary reimbursement for hospice services provided or allegedly provided to clients/patients through the United States' Medicare and Medicaid programs to the extent such claims were not eligible for such payment because they did not meet the requirements for payment due to Passages's non-compliance with Medicare, Medicaid, and other laws and regulations relating to hospice eligibility, by way of example 42 C.F.R. §418.

4

## IV. Background and Factual Allegations

18.     Passages' corporate structure in Illinois is comprised of a number of regions; Pace and Reavis were employed in Passages' Region F which encompasses much of Southern Illinois.  The Administrative structure for Passages as it existed in early 2011 is attached and identified as Exhibit C hereto.

19.     Passages provides, *inter alia*, hospice benefits to its customers/patients. The Medicare hospice benefit is intended to provide payment for palliative services for qualified beneficiaries who have a life expectancy of six months or less. Qualified hospice patients may receive care including, but not limited to: skilled nursing services, pain medication, physical and occupational therapy, counseling, home health aide and homecare services, and inpatient care related to their terminal illness. Qualified beneficiaries who elect hospice agree to forego curative treatment for their terminal condition.

20.     Through Medicare and/or Medicaid the United States reimburses Passages for services provided to qualified hospice beneficiaries on a per diem rate for each day a qualified beneficiary is enrolled. Medicare and/or Medicaid makes a daily payment regardless of the amount of services provided on a given day, and even on days when no services are provided. The daily payment rates are intended to cover costs that hospice providers incur in furnishing services identified in patients' care plans for patients who have been determined by their physicians to be suffering a terminal illness.

21.     Relator Pace was employed in 2010 and 2011 as the Director of Nurses for defendant's Region F.  Pace, while employed by defendant as Director of Nurses in

5

Region F, oversaw the assignments, duties, and charting done by nurses employed by Passages.

22.     The United States, through Medicare, reimburses hospice providers at different rates for different categories of care. The different categories of care and the daily rates paid as a result of each category of care for 2011 include the following:

| | | |
|---|---|---|
| a. | Routine Home Care | Base rate $146.63 |
| b. | Continuous Home Care | Base rate $855.79 |
| c. | Inpatient Respite Care | Base rate $151.67 |
| d. | General Inpatient Care | Base rate $652.27 |

23.     General Inpatient Care is often referred to in the industry and by Passages employees and managers as "GIP."

24.     For patients in GIP status, Passages gets reimbursed $500 more each day than it would receive if the patient was classified at a lower level of care.

25.     Passages offered and paid to Pace, and at least one other management employee of defendant in Region F, a bonus of $25 per day per GIP patient.

26.     Passages, as a result of the $25 per GIP patient per day bonus, paid a bi-weekly bonus to Pace of approximately $5,000 on certain paychecks; Pace was paid every two weeks – the bonus potential offered by Passages to Pace was a bonus structure that could be in excess of $10,000 a month.

27.     Whether a patient's condition warranted a lower level of care or warranted the more expensive GIP category of care turned almost exclusively on the patients' condition, and there was little or no legitimate activity that a Passages' employee could engage in that would legitimately cause the reclassification from a lower level of care to GIP level of care.

6

28.    The bonus structure created by Passages and paid to certain managerial employees in 2010 and 2011 was designed to improperly encourage employees to inaccurately and fraudulently classify patients in higher and more expensive levels of care unrelated to the patients' actual needs and condition.

29.    By paying bonuses to employees who classified patients at the higher GIP level of care, Passages, on information and belief, improperly submitted fraudulent bills to the United States and received higher levels of reimbursement from the United States than those to which it was otherwise entitled.

30.    Relator Reavis worked as a nurse for Passages, initially in Dekalb County, Illinois and then transferred to defendant's Belleville office, Region F, in November 2009.  On a number of occasions Reavis was instructed to falsify charting so that a patient appeared to need and qualify for a higher level of care than the patient's actual condition warranted.  More specifically and by way of example, on January 10, 2010 Reavis was told by defendant's Regional Director, Kim Runion ("Runion"), "*You need to bullsh\*t your charting.*"

31.    Runion instructed Reavis on or about December 28, 2009 to keep a Lebanon, Illinois patient ("W. O.") on GIP status. Reavis had attempted to remove W.O. from GIP status and had returned W.O. to routine care status because W.O.'s prior wounds had healed. Runion ordered Reavis to keep patient W.O. classified at the GIP level of care at a time when Runion was aware W.O. did not legitimately qualify for the GIP level of care.

32.    Within days of Reavis attempting to chart W.O. as routine care instead of GIP, Relator Reavis received a disciplinary "write up."

7

33.     Reavis was on a number of occasions in January 2010 asked to do the charting of other Passages' employees and to chart the condition of patients whom Reavis had not seen.

34.     On or about January 18, 2010, Runion stated to Reavis, in the presence of other individuals and employees of defendant, "*You have to bullsh\*t your charts. That is how we get paid. We don't have patient load, we don't get paid.*"  Later in the same conversation, Runion instructed Reavis, "*No more Mary Poppins charting.*"

35.     On or about January 18, 2010, Reavis stated to Runion that Reavis "*Had a real hard time with this lying – I can't do it – that's not me.*"

36.     On or about January 28, 2010, after being instructed by Runion to chart the conditions of patients for other employees of defendant, Reavis stated to Runion, "*I have a real hard time charting other people's charts.*"  Runion responded, "*I don't.*"

37.     On or about January 31, 2010, Reavis prepared an in-house grievance form. On or about January 31, 2010, a friend and close associate of Reavis – M. Ladd – placed a ten to fifteen minute phone call to the owner and CEO of Passages, Seth Gillman. Ladd informed defendant's CEO that the Passages' Regional DirectorKim Runion needed to be investigated as "*she is doing dishonest things*." Ladd told CEO Gillman that Reavis was contemplating making a report to the State of Illinois.  CEO Gillman informed Ladd that Reavis "did not need to go to the State."

38.     On or about February 2, 2010, Passages, by and through its Regional Director Kim Runion terminated Reavis' employment.

39. 42 CFR 418.110 describes the:

    a. *"Condition of participation: Hospices that provide inpatient care directly."*

    b. §418.110(b)(2) reads: *"If at least one patient in the hospice facility is receiving general inpatient care, then each shift must include a registered nurse who provides direct patient care."*

    c. §418.112 describes *"Condition of participation: Hospices that provide hospice care to residents of a SNF/NF or ICF/MR."* This provision requires that *"In addition to meeting the conditions of participation at §418.10 through § 418.116, a hospice that provides hospice care to residents of a SNF/NF or ICF/MR must abide by the following standards. ..."* [3]

40. Through Medicare, Passages submits bills for payment to the United States for patients who are in GIP status in skilled nursing facilities and nursing facilities.

41. Pace has actual knowledge that during the first six months of 2011 at a number of nursing homes (skilled nursing facilities or nursing facilities) in defendant's Region F, Passages, for the purpose of submitting bills to the United States, charted patients as being in GIP status when the facilities in which the hospice GIP patients resided and were cared for did not provide a registered nurse on each shift who provided direct patient care.

42. In 2010 and 2011, Passages charted patients at the GIP level and, on information and belief, sought reimbursement at the GIP level from the United States for patients in nursing homes which did not have a registered nurse on each shift as required by §418.110(b)(2). Each and every bill submitted for GIP patients for nursing

---

    [3]    SNF means skilled nursing facility; NF means nursing facility; ICF/MR means an intermediate care facility for the mentally retarded.

9

homes that did not have a registered nurse on each shift as required by §418.110(b)(2) was a fraudulent bill. The following nursing facilities did not have a registered nurse on each and every shift and yet Passages – on information and belief – sought payment for GIP level of care at said facilities:

        a.     Granite City
        b.     Lebanon Care Center
        c.     Lincoln
        d.     University
        e.     Faith Countryside
        f.     Rosewood Care Center
        g.     Eden
        h.     Willowcreek
        i.     Collinsville.

43.     On information and belief, documents in defendant's possession shall demonstrate that defendant claimed an average of at least thirty GIPs per day for the facilities identified immediately above. If the minimal number of 30 GIP patients per day is multiplied times the daily GIP rate of $652.27, and then the product is multiplied times 365 days in a year, the moneys received by Passages, on information and belief, for GIP patients in nursing homes that were unqualified to provide care to GIP patients, exceeds $7,000,000 per year in the area/region specifically known to relators.

44.     Pace has actual knowledge of hospice patients in 2010 and 2011 who were charted at GIP level of care when the patients' physical and/or psychological conditions did not legitimately warrant the higher and more expensive GIP level of care designation.

45.     Hospice care providers require special training and education pursuant to federal regulations.

46.     Passages employed Dianne Gaertner ("Gaertner") in 2011 to teach certain Medicare- required hospice training programs.

47.     On information and belief, Passages fraudulently used Gaertner's teaching credentials to represent that certain Passages' hospice employees had received Medicare-required training from Gaertner when the employees had not received the training from Gaertner.

48.     On information and belief, in 2011 Gaertner discussed with Passages Chief Financial Officer Eric Fisher that Passages was improperly and potentially fraudulently billing and seeking reimbursement from the United States for patients at the GIP level of care who were unqualified for the GIP level of care and reimbursement.

49.     On or about July 22, 2011, Passages' Branch Manager Tammy Loman ("Loman") sent an e-mail to the manager of the Lebanon Care Center (located at 1201 North Alton in Lebanon, Illinois, 62254). In that e-mail, Loman confirmed a prior conversation she had with the Lebanon Care Center manager. The e-mail reads:

> *Yes, we would pay 2 x's the patient's regular room rate for patients on GIP (General Inpatient). As we discussed, approximately 10% of hospice patients are on GIP status per month. So if we have 5 patients on hospice, multiply this by the number of days in the month (30) this would give us 150 days of which approximately 15 would be GIP days. This would be approximately $3000 additional income per month.*

11

**V.    Count I**
**Federal False Claims Act Claim pursuant to 31 U.S.C. § 3729 et seq.**
**Intentionally and Fraudulently Presenting Claims for Payment and**
**Reimbursement to the United States at the GIP Level of**
**Reimbursement When Passages Was Not Entitled to Be Reimbursed**
**at the GIP Level**

50.     Relators Pace and Reavis reassert and incorporate by reference all

paragraphs set forth above as if restated herein.

51.     Pursuant to 42 C.F.R §418, generally and specifically, but without

limitation, §418.1 - 418.20; 418.22; 418.25; 418.50;.418.54; 418.74; 418.110 - 418.122;

418.200; 418.202; and 418.301 - 418.311, Passages must meet requirements for

certification of clients/patients for hospice care to qualify for payment from the United

States federal government.

52.     Hospices are paid a per diem rate based on the number of days and level of

care provided during the election period. Policy Manual, Chapter 9, §40; 42 CFR

418.302. To be covered, hospice services must be:

> *Reasonable and necessary for the palliation and management of*
> *the terminal illness as well as related conditions. The individual*
> *must elect hospice care in accordance with §418.24. A plan of care*
> *must be established and periodically reviewed by the attending*
> *physician, the medical director, and the interdisciplinary group of*
> *the hospice program as set forth in §418.56. That plan of care must*
> *be established before hospice care is provided. The services*
> *provided must be consistent with the plan of care. A certification*
> *that the individual is terminally ill must be completed as set forth*
> *in §418.22.* (42 CFR 418.200.)

53.     Pace, on personal information and observation, knows of patients who in

2010 and 2011 in Southern Illinois were charted by Passages as GIP patients when the

patients' physical condition did not qualify for the GIP level of care.

54.    Passages, in at least 2009, 2010 and the first six months of 2011, within its
Southern Illinois Region F, encouraged employees (through its bonus structure, staff
training, and consistent pressure put on employees) to falsify records in order to place
and keep hospice patients on GIP level of care when Passages knew or should have
known that the patients did not belong on GIP level.

55.    Passages, in 2009 through 2011, submitted claims on a monthly basis to
the United States for payment. These submissions contained patient information
including patient's name and Medicare beneficiary identifier, principal diagnosis, dates
of services, level of service, condition codes, and discharge status. Passages was at all
relevant times aware that Medicare relies on the accuracy and truthfulness of the claims
submitted in making reimbursement payments to Passages and other hospices.

56.    It is a condition of participation in the Medicare hospice program that a
hospice must maintain a clinical record for each hospice patient that contains "correct
clinical information." All entries in the clinical record must be "legible, clear, complete,
and appropriately authenticated... " 42 CFR 418.104

57.    Reavis, on personal information and observation, knows of patients in
Passages' southern Illinois Region F who were charted by Passages as GIP patients when
the patients' physical condition did not qualify for the GIP level of care.  Said patients
were specifically placed on GIP level of care when they did not qualify for GIP level of
care and GIP level of reimbursement as a direct result of Passages' policy to pressure
employees to falsify the necessary level of care needed by patients.

58.    Reavis, on personal information and observation, knows of patients who
were charted by Passages as being at a certain level of hospice care and receiving

13

required hospice services when the services were either not provided, or where the services were fraudulently and inaccurately charted; thus it is impossible to determine what if any services were actually provided or needed.

59.     Reavis, on personal information and observation, during her period of employment with defendant in Region F was instructed by defendant's Regional Director to falsify charts and to make one or more patients appear to require a higher level of care – GIP – when the Regional Director had been specifically informed by Reavis that the patient did not qualify for the higher level of care.

60.     Pace, on personal observation and by direct knowledge, knows that Passages charted and reported patients as being at the GIP level of care when the patients were at facilities in southern Illinois which did not have the level of round the clock nursing care that the regulations – § 418.110 (b)(2) – requires.

61.     By e-mail sent on July 22, 2011 at 3:12 p.m. by managerial employee Loman, Passages offered to pay kickbacks to the Lebanon Care Center in Lebanon, Illinois in violation of the federal anti-kickback laws and regulations, all of which would be separate acts of fraud on the United States.

62.     The United States has been damaged by all of the aforementioned misrepresentations and failures to comply with requisite laws and regulations in an as of yet undetermined amount. With respect to the aforementioned misrepresentations and failures to comply, Passages knowingly made and submitted false claims to officials of the United States for the purpose of fraudulently obtaining compensation, reimbursement, and payments from the United States.

14

63. On information and belief, Passages's other Regions follow the same practices and engage in the same conduct of intentional non-compliance and fraudulent billing.

64. On information and belief, Passages corporate officers and its CEO and CFO are or were aware of the non-compliant practices and have not taken actions to accomplish compliance which would substantially reduce corporate profits.

65. Passages pays bonuses to managers for the purpose of encouraging the managers to fraudulently classify patients at the GIP level, thus demonstrating that it is the official policy of Passages to encourage the false and fraudulent charting of patients at levels of care for which Passages illegally receives higher levels of reimbursement and payments.

## VI. Count II
### Federal False Claims Act Claim pursuant to 31 U.S.C. § 3729 et seq. Anti Kickback Violations

66. The claims Passages submitted to the United States for payment were false and fraudulent because the defendants offered kickbacks and other inappropriate incentives to nursing homes, such as the Lebanon Care Center, in order to induce nursing homes to refer hospice patients to the defendant and to permit defendant to use one or more nursing home facilities and their staffs, all in violation of Anti-Kickback provision of the Medicare statute, 42 U.S.C. § 1320a-7b (the "Anti-Kickback Statute").

67. The Anti-Kickback statute, 42 U.S.C. §13201 - 7b reads *inter alia*:

> *(b)    Illegal remunerations.*
> ...
> *(2)   Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly,*

15

*overtly or covertly, in cash or in kind to any person to induce such person—*

*(A)    to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or*

*(B)    to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $ 25,000 or imprisoned for not more than five years, or both.*
42 USCS §1320a-7b

68.    By offering kickbacks such as alleged herein to nursing homes such as the

Lebanon Care Center, Passages violated 42 USCS §1320a-7b.

WHEREFORE, the United States is entitled to damages from Defendant in

accordance with the provisions of 31 U.S.C. §§ 3729-3733, and Plaintiffs/Relators

request that judgment be entered against Defendant, ordering that:

a.    Defendant cease and desist from violating the False Claims Act, 31 U.S.C. §3729 et seq. and violating 42 USC §1320a-7b;

b.    Defendant pay an amount equal to three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty against Defendant of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. §3729;

c.    Plaintiffs/Relators be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(d);

d.    Plaintiffs/'Relators be awarded all costs of this action, including attorneys' fees, expenses;

e.    The United States and Plaintiffs/Relators be granted all such other relief as the Court deems just and proper.

THE UNITED STATES OF AMERICA

BY RELATORS/PLAINTIFFS
ALEXIAS BRANDY PACE
AND JACQUELINE REAVIS

BY:      */s/ Lee W. Barron*
         Lee W. Barron, IL #06195132
         112 Front Street
         Alton, IL 62002
         Telephone: (618) 462-9160
         Facsimile: (618) 462-9167
         E-mail: lee@leebarronlaw.com

ATTORNEY FOR PLAINTIFFS/RELATORS

17

**EXHIBIT A**



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## LLC FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | PASSAGES HOSPICE, LLC | **File Number** | 00950645 |
| **Status** | ACTIVE | **On** | 05/25/2011 |
| **Entity Type** | LLC | **Type of LLC** | Domestic |
| **File Date** | 07/01/2003 | **Jurisdiction** | IL |
| **Agent Name** | SETH GILLMAN | **Agent Change Date** | 08/09/2011 |
| **Agent Street Address** | 515 WARRENVILLE RD | **Principal Office** | 515 WARRENVILLE RD LISLE, IL 60532 |
| **Agent City** | LISLE | **Management Type** | MGR   **View** |
| **Agent Zip** | 60532 | **Duration** | 07/01/2059 |
| **Annual Report Filing Date** | 05/25/2011 | **For Year** | 2011 |
| **Assumed Name** | ACTIVE - PASSAGES PALLIATIVE CARE | | |
| **Old LLC Name** | 12/16/2003 - ASTA BEHAVIORAL CENTER, LLC 09/09/2003 - PASSAGES HOSPICE, LLC | | |
| **Series Name** | NOT AUTHORIZED TO ESTABLISH SERIES | | |

**Return to the Search Screen**        **Purchase Certificate of Good Standing**

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

**EXHIBIT B**



| SERVICES | PROGRAMS | PRESS | PUBLICATIONS | DEPARTMENTS | CONTACT |

## LLC MANAGERS

| **Entity Name** | PASSAGES HOSPICE, LLC | **File Number** | 00950645 |
| --- | --- | --- | --- |

| Name | Address |
| --- | --- |
| GILLMAN, SETH | 3360 W NORTHSHORE AVE, LINCOLNWOOD, IL - 60712 |
| GILLMAN, MICHAEL | 6502 N ST LOUIS, LINCOLNWOOD, IL - 60712 |

Close

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# Passages Hospice

EXHIBIT C



```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (emily_martin@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<1910744@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Staff Notes
```
Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 11/22/2011 at 9:28 AM CST and filed on 11/22/2011

**Case Name:** USA et al v. Passages Hospice, LLC

**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*

**Filer:**

**Document Number:** No document attached

**Docket Text:**
**\*\*\*Staff notes. Jurisdiction checked. (tlp)**

**No public notice (electronic or otherwise) sent because the entry is private**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge Donald G.
Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2168857@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages Hospice, LLC
Sealed Motion
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

## U.S. District Court

## Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered by Burke, Gerald on 10/1/2012 at 10:18 AM CDT and filed on 10/1/2012

**Case Name:** USA et al v. Passages Hospice, LLC
**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*
**Filer:** USA
**Document Number:** 3

**Docket Text:**
**SEALED MOTION by USA. (Burke, Gerald)**

**3:11-cv-01028-JPG-DGW \*SEALED\* No electronic public notice will be sent because the case/entry is sealed.**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=10/1/2012] [FileNumber=2168855-0
] [36979e986dbab3993a26c067dca4231350268d47244aac7ff72f3154221aeaf0e5b
d9968821dee4ee0df92825727d54200b45cc1cd61b9a122ea4084d1bd66dd]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| ALEXIAS (BRANDY) PACE and | ) | |
| JAQUELINE REAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-1028-JPG |
| | ) | |
| PASSAGES HOSPICE, LLC, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' APPLICATION FOR EXTENSION OF TIME

The United States of America ("United States") hereby applies, pursuant to 31 U.S.C. § 3730(b)(3), for a ninety (90) day extension of time, from October 2, 2012, up to and including December 31, 2012, to consider whether to intervene in the above-captioned *qui tam* action, during which time the complaint and all other filings in this action would remain under seal. This is the first extension request that the United States has made in this case.

As set forth in the accompanying memorandum, the United States has begun investigating this matter but needs more time to complete its investigation. An extension of time will enable the United States to make informed decisions as to whether to intervene in the action pursuant to 31 U.S.C. § 3730(b)(4). A proposed order is also filed herewith.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing **UNITED STATES' APPLICATION FOR EXTENSION OF TIME** with the Clerk of Court using the CM/ECF system and also mailed by United States Postal Service, the document(s) to the following registered participants:

      Lee W. Barron
      112 Front Street
      Alton, IL 62002

                Respectfully submitted,

                STEPHEN R. WIGGINTON
                United States Attorney

                */s/ Gerald M. Burke*
                GERALD M. BURKE
                Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXIAS (BRANDY) PACE and JAQUELINE REAVIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11-CV-1028-JPG |
| PASSAGES HOSPICE, LLC, | ) **FILED EX PARTE** ) **AND UNDER SEAL** |
| Defendant. | ) ) |

## MEMORANDUM IN SUPPORT OF UNITED STATES' APPLICATION FOR EXTENSION OF TIME

The United States of America respectfully submits this memorandum in support of its application for an order, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3), granting a ninety (90) day extension of time, from October 2, 2012, up to and including December 31, 2012, to consider whether to intervene in the above-captioned False Claims Act *qui tam* action. The United States seeks this extension of time so that it can continue to investigate the allegations in the complaint filed in this action against the defendant. This is the first extension that the government has requested in this case.

The False Claims Act provides that, for good cause shown, the Court may extend the time for the government to make its election to intervene. *See* 31 U.S.C. § 3730(b)(3). The United States now seeks additional time, until December 31, 2012, to make its election regarding possible intervention in this litigation. The United States has good cause for this request. The United States cannot make an informed decision whether or not to intervene pursuant to 31 U.S.C. § 3730(b)(4) until it completes its investigation. The government further requests that, during the requested

extension period, the complaint and the other filings remain under seal.

## FACTUAL BACKGROUND

On November 21, 2011, Relators, Alexias (Brandy) Pace and Jacqueline Reavis, former employees of Passages Hospice, LLC, filed this action against defendant. Relators' Complaint and disclosure documents were served on the United States Attorney's Office on August 2, 2012, and the United States Attorney General on August 3, 2012. In their Complaint, Relators allege that the defendant violated the False Claims Act, 31 U.S.C. § 3729, *et seq.*, by submitting false claims for hospice care to the Medicare and Medicaid programs by falsifying patient's medical charts and up-coding patient's category of care to General Inpatient Care ("GIP") in order to receive increased reimbursement from the programs than defendant was entitled to. Also, the Relators allege that the defendant also offered and paid employees kickbacks for classifying patients as GIP and also offered nursing home facilities kickbacks for patient referrals.

After being served with the Complaint and disclosure documents, the United States contacted the Department of Health and Human Services (HHS) regarding the investigation of this matter. The United States has provided a copy of the Complaint and disclosure documents to the investigating agents for their review. Since that time, the investigating agents have been reviewing and analyzing the Complaint and disclosure documents.

Prior to the filing of the complaint in this matter, several other relators have filed and served similar *qui tam* complaints in other district courts. The United States has been in contact and working with the United States Attorney's Office in the Northern District of Illinois in order to coordinate with and take the appropriate actions with regard to these overlapping *qui tam* complaints.

2

## ARGUMENT

The *qui tam* provisions of the False Claims Act provide in pertinent part that:

> (2)   A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

> (3)   The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The Senate Judiciary Committee explained that:

> Subsection (b)(3) of Section 3730 establishes that the Government may petition the Court for extensions of both the 60-day evaluatory period and the time during which the complaint remains under seal. Extensions will be granted ... on a showing of 'good cause.'

S. Rep. No. 99-345, 99th Cong., 2d Sess. 25, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5289.

The False Claims Act expressly permits extensions of time to allow the United States to evaluate fully the allegations in a *qui tam* complaint and to make an informed decision as to whether to intervene in the action. To obtain an extension of time, the United States must show that good cause exists for the extension.

The United States respectfully submits that it has good cause for an extension in this case. The United States has been reviewing and analyzing the documents received regarding this matter and have also been coordinating the continuing investigation into Relators' allegations. The United States has taken diligent steps to investigate the Relators' allegations but needs more time to fully

3

evaluate the allegations. This is the United States' first request for an extension of time regarding

the seal, and the United States requests this extension to allow a thorough analysis of the Relators'

claims in order to make an informed decision regarding intervention.

The United States has also asked this Court for an order keeping the complaint and material

evidence under seal during the requested extension. The Judiciary Committee's report identifies the

sound reasons for keeping *qui tam* complaints under seal while the government pursues its requisite

investigation, evaluates the evidence, and determines whether or not to intervene:

> Keeping the *qui tam* complaint under seal for the initial 60-day time
> period is intended to allow the Government an adequate opportunity
> to fully evaluate the private enforcement suit and determine both if
> that suit involves matters the Government is already investigating and
> whether it is in the Government's interest to intervene and take over
> the civil action. . . .

> &ast;   &ast;   &ast;

> . . . The initial 60-day sealing of the allegations has the same effect
> as if the *qui tam* relator had brought his information to the
> Government and notified the Government of his intent to sue. The
> Government would need an opportunity to study and evaluate the
> information in either situation....

1986 U.S.C.C.A.N. 5266, 5289. The same reasoning supports the continuing need to keep the

complaint in this action under seal pending completion of the additional investigation and analysis

necessary in this case.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant

its application to extend the time that it has to elect whether to intervene in this matter up to and

including December 31, 2012. The United States requests that this *qui tam* suit and all documents

filed in this matter otherwise remain under seal, except as previously ordered by this Court.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF UNITED STATES' APPLICATION FOR EXTENSION**

**OF TIME** with the Clerk of Court using the CM/ECF system and also mailed by United States

Postal Service, the document(s) to the following registered participants:


Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney


*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge Donald G.
Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2172549@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages Hospice, LLC
Order
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

### U.S. District Court

### Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered on 10/4/2012 at 12:54 PM CDT and filed on 10/4/2012
**Case Name:** USA et al v. Passages Hospice, LLC
**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** 5

**Docket Text:**
**SEALED ORDER, Granting [3] SEALED MOTION filed by USA. Signed by Judge J. Phil Gilbert on 10/4/2012. (jdh)**

**3:11-cv-01028-JPG-DGW \*SEALED\*** No electronic public notice will be sent because the case/entry is sealed.

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=10/4/2012] [FileNumber=2172547-0
] [1af15e54c54204ffd4dc452c124e9fcda04794cfddd0ff6ab1964a34e5b5849f620
2d8c9b7850e908b1eeb5adf957c19fa2f1f68afbbd470cad41d70f07fd115]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| ALEXIAS (BRANDY) PACE and | ) | |
| JAQUELINE REAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-1028-JPG-DGW |
| | ) | |
| PASSAGES HOSPICE, LLC, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court having determined, based on the United States' Application for Extension of Time

(Doc. 3) to consider whether to intervene and to extend the seal and the United States' supporting

memorandum, that good cause exists to grant the Application, **IT IS ORDERED** that:

1)      The United States' Application (Doc. 3) is **GRANTED** and the United States shall

have up to and including December 31, 2012, to notify the Court of their decision whether to

intervene in the above-captioned *qui tam* action; and,

2)      During this period all filings in this action shall remain **UNDER SEAL** unless

otherwise ordered by this Court.

**IT IS SO ORDERED.**

**Dated:  October 4, 2012**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2185445@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Set/Reset Hearings
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 10/22/2012 at 1:44 PM CDT and filed on 10/22/2012
**Case Name:**       USA et al v. Passages Hospice, LLC
**Case Number:**     3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set/Reset Hearings: In person Status Conference set for 11/1/2012 at 01:30 PM in Benton Courthouse before Judge J. Phil Gilbert. (by:kjr)**

**3:11-cv-01028-JPG-DGW *SEALED*** No electronic public notice will be sent because the case/entry is sealed.

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:
```

Message-Id:<2185690@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Document Sent
Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please
DO NOT RESPOND to this e-mail because the mail box is unattended.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered on 10/22/2012 at 2:33 PM CDT and filed on 10/22/2012
**Case Name:** USA et al v. Passages Hospice, LLC
**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**\*\*\*Document 5 and text entry of 10/22/12 Sent to: counsel (dka, )**

**No public notice (electronic or otherwise) sent because the entry is private**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge Donald G.
Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2189147@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages Hospice, LLC
Sealed Motion
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

## U.S. District Court

### Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered by Burke, Gerald on 10/25/2012 at 4:39 PM CDT and filed on 10/25/2012

**Case Name:**      USA et al v. Passages Hospice, LLC
**Case Number:**    3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**          USA
**Document Number:** 6

**Docket Text:**
**SEALED MOTION by USA. (Burke, Gerald)**

**3:11-cv-01028-JPG-DGW *SEALED*** No electronic public notice will be sent because the case/entry is sealed.

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=10/25/2012] [FileNumber=2189145-0] [d3e55996eb87f9e3c3535bd7c207cbb6b2afb8a43693f15b2ec37ef42805bd980f3f30dd2e65532624726c3b48aa6decc220532e6253f8c7725acb6b802aa82a]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXIAS (BRANDY) PACE and JAQUELINE REAVIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11-CV-1028-JPG ) |
| PASSAGES HOSPICE, LLC, | ) **FILED UNDER SEAL** ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO CONTINUE STATUS CONFERENCE

Now comes the United States of America, by its attorneys, Stephen R. Wigginton, United States Attorney, and Gerald M. Burke, Assistant United States Attorney, and moves this Court for an Order continuing the status conference set on November 1, 2012, and states as follows:

1.    The United States has received a notice of the in-person status conference that has been scheduled by the Court on November 1, 2012, at 1:30p.m.

2.    On that same date, the undersigned attorney has a large meeting scheduled on another matter at the U.S. Attorney's Office in Fairview Heights, IL, with case agents, Department of Justice attorneys, and several out-of-state parties and their counsel, many of whom have made flight and hotel arrangements in preparation for attending the meeting in Fairview Heights on November 1, 2012.

3.    Due to the scheduling conflict, the undersigned attorney respectfully requests a continuance of the in-person status conference set in this case on November 1, 2012.

WHEREFORE, the United States respectfully requests that the in-person status conference be continued from November 1, 2012, to another date that the Court deems proper.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2012, I electronically filed the foregoing **UNITED**

**STATES' MOTION TO CONTINUE STATUS CONFERENCE** with the Clerk of Court using

the CM/ECF system and also mailed by United States Postal Service, the document(s) to the

following registered participants:

      Lee W. Barron
      112 Front Street
      Alton, IL 62002

                  Respectfully submitted,

                  STEPHEN R. WIGGINTON
                  United States Attorney

                  */s/ Gerald M. Burke*
                  GERALD M. BURKE
                  Assistant U.S. Attorney

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2189486@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Motions No Longer Referred
```
Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 10/26/2012 at 10:55 AM CDT and filed on 10/26/2012
**Case Name:** USA et al v. Passages Hospice, LLC
**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**\*\*\*Motions No Longer Referred: [6] SEALED MOTION (mjh)**

**No public notice (electronic or otherwise) sent because the entry is private**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2192944@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Order
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

## U.S. District Court

## Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered on 10/31/2012 at 11:23 AM CDT and filed on 10/31/2012
**Case Name:**      USA et al v. Passages Hospice, LLC
**Case Number:**    3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** 7

**Docket Text:**
**SEALED MINUTE ORDER (kjr); granting [6] SEALED MOTION filed by USA. In Person Status Conference set for 12/7/2012 09:30 AM in Benton Courthouse before Judge J. Phil Gilbert.(dka, )**

**3:11-cv-01028-JPG-DGW *SEALED* No electronic public notice will be sent because the case/entry is sealed.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=10/31/2012] [FileNumber=2192942-
0] [aef5d5e118ca3bdfe80e11fd388fb93eb1e6a30b20d11570ea5e3ec93c748f8ebc
d5c770a8cb23c38e9fb85fd65168cc77aa16a66059311b0f0354e6a068873e]]

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

* * * * * *

| | | |
|---|---|---|
| USA, | ) | |
| Plaintiff(s), | ) | CASE NO: 11-1028 |
| | ) | **MINUTES OF COURT** |
| vs. | ) | DATE:10/31/2012 |
| | ) | |
| ALEXIAS PACE, et al, | ) | PLACE: Benton, IL |
| | ) | |
| Defendant(s). | ) | UNDER SEAL |

PRESENT: **HONORABLE J. PHIL GILBERT, DISTRICT JUDGE**

DEPUTY CLERK: K. Jane Reynolds          COURT REPORTER: N/A

COUNSEL FOR PLAINTIFF(S): N/A

COUNSEL FOR DEFENDANT(S): N/A

MINUTE ORDER IN CHAMBERS (X ):

PROCEEDING:

TIME:

This matter is before the court on the government's Motion to Continue (doc. # 6).

The Court has reviewed and considered the aforementioned motion and hereby GRANTS the motion.

It is hereby ORDERED that this matter is STRICKEN from the 11/1/2012 docket and reset for an In Person Status Conference on December 7, 2012 at 9:30 a.m. in Benton, IL.

NANCY ROSENSTENGEL, CLERK

By: s/ K. Jane Reynolds
Deputy Clerk

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2192946@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Document Sent
```

Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 10/31/2012 at 11:24 AM CDT and filed on 10/31/2012

**Case Name:** USA et al v. Passages Hospice, LLC

**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*

**Filer:**

**Document Number:** No document attached

**Docket Text:**
**\*\*\*Document 7 Sent to: counsel (dka, )**

**No public notice (electronic or otherwise) sent because the entry is private**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, *ex rel.*   )
ALEXIAS (BRANDY) PACE and           )
JAQUELINE REAVIS,                  )
                                  )
      Plaintiffs,                )
                                    )
          v.                   )     Case No. 11-CV-1028-JPG
                                    )
PASSAGES HOSPICE, LLC,          )     **FILED EX PARTE**
                                    )     **AND UNDER SEAL**
      Defendant.              )

## UNITED STATES' APPLICATION
## TO PARTIALLY LIFT THE SEAL AND TO TRANSFER VENUE

The United States of America ("United States") hereby respectfully applies for an order

to (1) partially lift the seal in this case, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2),

to permit the United States, at its discretion, to disclose the allegations raised by the Relators and

provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages

Hospices, LLC, pending in other federal judicial districts and (2) transfer this action to the

United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

A memorandum in support of this application has been filed herewith and a proposed

Order has been submitted to the Court.[1]

---

[1] The United States has not served Relators Alexias (Brandy) Pace and Jaqueline Reavis with copies of
this application and supporting memorandum to partially lift the seal in this case. To do so would alert
them to the potential existence of other sealed qui tam actions against Passages Hospice, LLC, before the
United States has permission from those courts to partially lift the seal on those actions, and before the
United States could disclose the existence of Relators Pace and Reavis' action to relators that have filed
those other qui tam complaints. With the grant of this request to partially lift the seal on this case as well
as the grant from the other court in those pending matters, the United States intends to disclose this action
the other pending actions to any and all relators simultaneously.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2012, I electronically filed the foregoing **UNITED STATES' APPLICATION TO PARTIALLY LIFT THE SEAL AND TO TRANSFER VENUE** with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXIAS (BRANDY) PACE and JAQUELINE REAVIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11-CV-1028-JPG ) |
| PASSAGES HOSPICE, LLC, | ) **FILED EX PARTE** ) **AND UNDER SEAL** ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF UNITED STATES'
## APPLICATION TO PARTIALLY LIFT THE SEAL AND TO TRANSFER VENUE

The United States of America respectfully submits this memorandum[1] in support of its application for an order to (1) partially lift the seal in this case pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2), to permit the United States, at its discretion to disclose the allegations raised by the Relators and provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages Hospice, LLC, ("Passages") pending in other judicial districts and (2) transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

---

[1] The United States has not served Relators Alexias (Brandy) Pace and Jaqueline Reavis with copies of the application and this supporting memorandum to partially lift the seal in this case. To do so would alert them to the potential existence of other sealed qui tam actions against Passages Hospice, LLC, before the United States has permission from those courts to partially lift the seal on those actions, and before the United States could disclose the existence of Relators Pace and Reavis' action to relators that have filed those other qui tam complaints. With the grant of this request to partially lift the seal on this case as well as the grant from the other court in those pending matters, the United States intends to disclose this action the other pending actions to any and all relators simultaneously.

For the reasons set forth below, the United States' application to partially lift the seal and to transfer venue should be granted as an appropriate means of streamlining the United States' investigation of claims filed against Passages and for the potential resolution of such claims.

BACKGROUND

The False Claims Act, 31 U.S.C. § 3729 *et seq.*, provides for the award of treble damages and civil penalties for, *inter alia*, the presentation of a false claim or the making of a false statement in order to obtain a payment from the United States Government. 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B). Section 3730(b) of the Act permits a private person, known as the "relator," to bring a *qui tam* action "for the person and for the United States Government in the name of the Government." 31 U.S.C. § 3730(b)(1). With certain exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their *qui tam* actions. 31 U.S.C. § 3730(d).

Relators Alexias (Brandy) Pace and Jaqueline Reavis served their *qui tam* Complaint and disclosure documents on the United States on or about August 3, 2012. In their *qui tam* Complaint, relators allege that Passages up-coded claims for hospice services by billing at higher rate of care than was required or appropriate for the patient in order to higher reimbursement from Medicare or Medicaid. In addition, the Relators allege that Passages provided kick-backs or illegal remunerations to nursing homes in order to induce them to refer hospice patients to Passages. The United States' obtained an extension of the initial time period to make a determination as to whether it will intervene in this case which will expire on December 31, 2012, and the case shall remain under seal until that date. 31 U.S.C. § 3730(b)(2).

1. Partial Lift of the Seal

Other *qui tam* lawsuits, filed under the federal False Claims Act and under separate state False Claims Act statutes, have been filed against Passages Hospice, LLC. The United States submits that allegations in those actions may be similar to or in fact overlap with some of the allegations contained in the present case. To the extent that such other actions are pending, the United States submits this application so that at its discretion, the United States may disclose the allegations raised by Relators Pace and Reavis and provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages Hospice, LLC, pending in other federal judicial districts.

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *See* Legislative history of the FCA, S. Rep. 99-345, 99th Cong., 2d Sess., *reprinted in* 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The False Claims Act also contains a first-to-file rule that restricts the filing and pursuit of duplicative *qui tam* actions. The rule provides that once a first *qui tam* action has been filed, no person may subsequently bring "a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); *see United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 232-33 (3rd Cir. 1998).

As part of its evaluations of allegations of fraud, it is frequently prudent for the United States to determine whether similar allegations of fraud exist in other *qui tam* complaints filed in other district courts. However, the seal imposed by 31 U.S.C. § 3731(b)(2) prevents the United

States from advising relators of the pendency of such other lawsuits with similar or overlapping allegations without a partial unsealing from the Court where each of those actions is pending. The United States submits this request to partially unseal this case for the purpose of disclosing this matter to *qui tam* relators who have filed related complaints.

Disclosure is in the interests of justice and judicial economy. The existence of *qui tam* cases pending under seal with similar or overlapping claims bears the seeds for potential conflict among putative relators because each may contend that he or she has a valid stake in any or all of any future judgment or settlement with Passages Hospice, LLC. Such conflicts are particularly likely to arise in cases where, as in this complaint, the allegations are of a general nature and are broadly asserted against the entire corporate defendant. The United States submits that the most efficient way to resolve potential conflicts between such relators is to disclose the existence of each of the actions to them so that they may attempt to resolve their potentially competing claims amicably and without litigation. For example, a later-filing relator may decide to dismiss voluntarily his or her claims if it is clear that they are barred by the first-to-file rule. Or, two or more relators may reach an agreement as to which claims each relator is "first" and thus entitled to share in the proceeds of any recovery in the future. Disclosure will prevent misunderstandings that impede the investigation of this case, distract the relators, and divert the United States' resources to resolving relator disputes rather than investigating and pursuing the fraud allegations. In addition, resolution of potential issues under the first-to-file rule that otherwise could affect the jurisdiction of this Court and other district courts will conserve judicial resources; therefore it is in the interest of judicial economy to lift the seal so that such discussions may commence.

Out of an abundance of caution, the United States also seeks a partial lifting of the seal so that it may disclose the existence of this matter to other federal district courts where related actions against Passages Hospice, LLC, may be pending. In any such other *qui tam* matter, the United States intends to seek partial lifts of the seal consistent with the application in this case so that this Court and relators in this action may be informed about the existence of those other matters.

## 2. Transfer Venue to the Northern District of Illinois

Pursuant to 28 U.S.C. § 1404(a), the United States also respectfully requests that this action be transferred to the United States District Court for the Northern District of Illinois for the convenience of the parties and witnesses, in the interest of justice. Many factors support the United States' requested transfer of this case to the Northern District of Illinois.

Under Section 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of the parties and witnesses, in the interest of justice. The decision to transfer a case is left to the broad discretion of the district court. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir.2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In determining whether to transfer a case to another district, the Court should consider a number of case-specific factors, such as the convenience of the potential transferee forum to the parties and witnesses, and the interest of justice in general. *Corvenga v. Spectra Medical*, 2012 WL5342364 at *1 (N.D.Ill. Oct.29, 2012) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). This analysis "necessarily involves a large degree of subtlety and latitude," including the amount of weight to give each factor relative to the others. *Id.*

This action could have been brought in the Northern District of Illinois pursuant to 28 U.S.C. § 1331, § 1345, and 31 U.S.C. § 3732(a). This action was brought in the name of the United States under the federal False Claims Act, 31 U.S.C. 3729 *et seq*. Venue would have also been proper in the Northern District of Illinois as Passages principal place of business is located at 515 Warrenville Road, Lisle, Illinois, which is within the Northern District of Illinois. There are two related *qui tam* actions filed against Passages with similar up-coding and kickback allegations that are currently pending in the Northern District of Illinois. The United States Attorney's Office for the Northern District of Illinois has been conducting an ongoing investigation into the allegations raised in those *qui tam* actions since 2009. Although Passages provides services throughout Illinois, the corporate functions, including the billing of claims, take place at its principal office in Lisle. The alleged false claims would have been submitted to the Government from Passages principal office in the Northern District of Illinois. Passages' corporate officers and billing witnesses would be located within the Northern District of Illinois. The Agents working with the U.S. Attorney's Office for the Northern District executed a search warrant on Passages principal office in January 2012 and obtained voluminous documents and data evidence regarding their investigation in the Northern District of Illinois. Transferring this matter to the Northern District of Illinois is in the best interest of the parties as it will facilitate the continued and coordinated investigation into the similar allegations efficiently. In the interest of justice, the three cases are related and judicial economy will be promoted by having all of the cases in one District. Since two of these cases are filed in the United States District Court for the Northern District of Illinois and have been pending there for some time, it makes sense to transfer this action to the Northern District of Illinois for the potential resolution of all of the related claims.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the seal on this *qui tam* action be lifted so that, at the discretion of the United States, the United States may disclose the allegations raised by Relators Pace and Reavis and provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages Hospice, LLC, ("Passages") pending in other judicial districts and (2) transfer this action to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2012, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF UNITED STATES' APPLICATION TO PARTIALLY LIFT THE SEAL AND TO TRANSFER VENUE** with the Clerk of Court using the CM/ECF system and also mailed by United States Postal Service, the document(s) to the following registered participants:

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:
```

Message-Id:<2215141@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Ex Parte Document
Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please
DO NOT RESPOND to this e-mail because the mail box is unattended.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court

### Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered on 11/30/2012 at 10:31 AM CST and filed on 11/30/2012
**Case Name:**      USA et al v. Passages Hospice, LLC
**Case Number:**    3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**Document Number:** 10

**Docket Text:**
**EX PARTE DOCUMENT. (dka, )**

**No public notice (electronic or otherwise) sent because the entry is private**
The following document(s) are associated with this transaction:
**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=11/30/2012] [FileNumber=2215139-
0] [61a9d49353fbaf21a7b673a9c2d1a884279f50c5afb22bfc2af647d78a1873f54a
133adfafe7f8df28e5da6ac77d5396af8a0a2fa8bda564dddb134762ebc494]]

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | |
|---|---|
| USA, ex rel, et al | ) |
| _Plaintiff(s)_ | ) |
| v. | )   Case Number:   11-1028-JPG/DGW |
| Passages Hospice, LLC | ) |
| _Defendant(s)_ | ) |

## NOTICE OF STRIKING
## ELECTRONICALLY FILED DOCUMENTS

DOCUMENT NUMBER: 8

DOCUMENT TITLE:
 UNITED STATES' APPLICATION
TO PARTIALLY LIFT THE SEAL AND TO
TRANSFER VENUE

One of the following errors/deficiencies has been identified in the document listed above:

☐    Document entered in wrong case

☐    Document linked incorrectly

☒    Incorrect document type selected (PDF and event do not match); document filed as ex parte document and is an ex parte motion

☐    Certificate of Service is missing or incomplete (and is required by Electronic Filing Rule 9)

☐    Other:

## ACTION TAKEN BY CLERK'S OFFICE

☒    Docket entry STRICKEN as ordered by the Court

## ACTION REQUIRED BY FILER

☒    Document must be re-filed using correct event Ex Parte Motion

☐    Amended document must be filed and re-noticed, if applicable

☐    Document must be emailed to chambers. See Local Rule 15.1 and Section 2.10 of the CM/ECF User's Manual

NANCY J. ROSENSTENGEL, Clerk of Court

By: _s/Deborah Agans_

DATE: 11/30/2012      Deputy Clerk

CMECF-03
Rev. 12/10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, *ex rel.* )
ALEXIAS (BRANDY) PACE and )
JAQUELINE REAVIS, )
)
    Plaintiffs, )
)
       v. )   Case No. 11-CV-1028-JPG
)
PASSAGES HOSPICE, LLC, )   **FILED EX PARTE**
)   **AND UNDER SEAL**
    Defendant. )

## UNITED STATES' APPLICATION
## TO PARTIALLY LIFT THE SEAL AND TO TRANSFER VENUE

The United States of America ("United States") hereby respectfully applies for an order

to (1) partially lift the seal in this case, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2),

to permit the United States, at its discretion, to disclose the allegations raised by the Relators and

provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages

Hospices, LLC, pending in other federal judicial districts and (2) transfer this action to the

United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

A memorandum in support of this application has been filed herewith and a proposed

Order has been submitted to the Court.[1]

---

[1] The United States has not served Relators Alexias (Brandy) Pace and Jaqueline Reavis with copies of this application and supporting memorandum to partially lift the seal in this case. To do so would alert them to the potential existence of other sealed qui tam actions against Passages Hospice, LLC, before the United States has permission from those courts to partially lift the seal on those actions, and before the United States could disclose the existence of Relators Pace and Reavis' action to relators that have filed those other qui tam complaints. With the grant of this request to partially lift the seal on this case as well as the grant from the other court in those pending matters, the United States intends to disclose this action the other pending actions to any and all relators simultaneously.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
(618) 622-3810 - Fax
Gerald.Burke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2012, I electronically filed the foregoing **UNITED**

**STATES' APPLICATION TO PARTIALLY LIFT THE SEAL AND TO TRANSFER**

**VENUE** with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Gerald M. Burke*
GERALD M. BURKE
Assistant U.S. Attorney

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:

Message-Id:<2219154@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Motions No Longer Referred
Content-Type: text/html
```
This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

## U.S. District Court

## Southern District of Illinois

### Notice of Electronic Filing

The following transaction was entered on 12/5/2012 at 1:26 PM CST and filed on 12/5/2012

**Case Name:** USA et al v. Passages Hospice, LLC

**Case Number:** 3:11-cv-01028-JPG-DGW *SEALED*

**Filer:**

**Document Number:** No document attached

**Docket Text:**
**\*\*\*Motions No Longer Referred: [11] EX PARTE MOTION (mjh)**

**No public notice (electronic or otherwise) sent because the entry is private**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Judge J. Phil Gilbert (angela_rollins@ilsd.uscourts.gov,
judge_gilbert@ilsd.uscourts.gov, k_jane_reynolds@ilsd.uscourts.gov,
sherry_church@ilsd.uscourts.gov, tracy_prosser@ilsd.uscourts.gov), Magistrate Judge
Donald G. Wilkerson (jackie_payton@ilsd.uscourts.gov)
--Non Case Participants: mjh (merritt_hasbrouck@ilsd.uscourts.gov)
--No Notice Sent:
```

Message-Id:<2219460@ilsd.uscourts.gov>
Subject:Activity in Case 3:11-cv-01028-JPG-DGW *SEALED* USA et al v. Passages
Hospice, LLC Ex Parte Order
Content-Type: text/html This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

### U.S. District Court

### Southern District of Illinois

#### Notice of Electronic Filing

The following transaction was entered on 12/5/2012 at 3:28 PM CST and filed on 12/5/2012
**Case Name:**     USA et al v. Passages Hospice, LLC
**Case Number:**   3:11-cv-01028-JPG-DGW *SEALED*
**Filer:**
**WARNING: CASE CLOSED on 12/05/2012**
**Document Number:** 12

**Docket Text:**
**EX PARTE ORDER, ORDER TRANSFERRING CASE TO OTHER DISTRICT, Signed by Judge J. Phil Gilbert on 12/5/2012. (dka, )**

**No public notice (electronic or otherwise) sent because the entry is private**
The following document(s) are associated with this transaction:
**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047403380 [Date=12/5/2012] [FileNumber=2219458-0
] [a5614ed4f52754ce99b2dd626735900444f3089ad65ac1214de600fc276fb4ab150
b45c1852a0ae84eab38d7e774bd62b78a70f9c1b14d995faddb8cff9b5b30]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXIAS (BRANDY) PACE and JAQUELINE REAVIS, ) ) ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 11-CV-1028-JPG |
| ) | |
| PASSAGES HOSPICE, LLC, ) | **EX PARTE** |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of the United States' Application to Partially Lift the Seal and to Transfer Venue (Doc. 11), and for good cause shown,

**IT IS HEREBY ORDERED** that said Application (Doc. 11) is **GRANTED** and

1      The United States, at its discretion, may disclose the allegations raised by the Relators in this matter and provide a copy of the Complaint to relators and their counsel in *qui tam* actions against Passages Hospice, LLC, pending in other federal judicial districts; and

2      This action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

**IT IS FURTHER ORDERED** that the Complaint and all other filings shall remain under seal, except insofar as the seal has been partially lifted by this Court.

**IT IS SO ORDERED.**

**Dated: December 5, 2012**

s/J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**